# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:22-cr-00036-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DOUGLAS EDWARD COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Revoke Detention Order [Doc. 39].

## I.      PROCEDURAL BACKGROUND

In June 2022, the Defendant Douglas Edward Cook pled guilty pursuant to a written plea agreement to one count of possession of an unregistered short-barreled rifle, in violation of 26 U.S.C. §§ 5861(d), 5845(a) and 18 U.S.C. § 3147.  [Docs. 13, 16, 17].  On August 4, 2022, the Court sentenced the Defendant to a term of imprisonment of time served and a term of supervised release of three years.  [Doc. 30].

On April 7, 2023, the Defendant's supervising probation officer, Joseph Shannon-Kellerman, filed a petition for the revocation of the Defendant's supervised release, citing multiple new law violations, as well as violations

of various conditions of supervision. [Doc. 33]. Based on the petition, the Magistrate Judge issued a warrant for the Defendant's arrest. [Id.]. The Defendant made his initial appearance on April 12, 2023, at which time counsel was appointed and the Government moved for detention. The Magistrate Judge held a preliminary revocation and detention hearing on April 17, 2023. At the hearing, the Government called Officer Shannon-Kellerman to testify regarding the basis for probable cause for the petition. The Government relied on Officer Shannon-Kellerman's testimony regarding the Defendant's violations to move for the detention of the Defendant. Counsel for the Defendant cross-examined Officer Shannon-Kellerman regarding the issue of detention. The Defendant also presented testimony from his father. Upon conclusion of the testimony, and after hearing argument from counsel, the Magistrate Judge found probable cause to support the petition and further concluded that detention of the Defendant was appropriate. The Magistrate Judge entered an Order of Detention that same day. [Doc. 37]. The Defendant filed a motion to revoke the Magistrate Judge's Detention Order on April 21, 2023.[1] [Doc. 39]. The Government

---

[1] The Defendant does not challenge the Magistrate Judge's determination regarding probable cause.

2

filed a response in opposition to the Defendant's motion on April 24, 2023.
[Doc. 40].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review
and appeal of detention orders. This statute provides, in pertinent part, as
follows:

> If a person is ordered detained by a magistrate
> judge, ... the person may file, with the court having
> original jurisdiction over the offense, a motion for
> revocation or amendment of the order. The motion
> shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of
detention, the Court reviews the Magistrate Judge's Order de novo. United
States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make
an independent determination of the proper pretrial detention or conditions
of release." Id.

## III. ANALYSIS

Pretrial detention is appropriate if the Court "finds that no condition or
combination of conditions will reasonably assure the appearance of the
person as required and the safety of any other person and the community."
18 U.S.C. § 3142(e)(1). When facing revocation of a term of supervised

3

release, the Defendant bears the burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.  18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6).

In seeking detention of the Defendant, the Government relied on the testimony of Officer Shannon-Kellerman, the Defendant's supervising probation officer.   Officer Shannon-Kellerman testified regarding the Defendant's unwillingness to comply with the directive to remove identified weapons from his home.  He testified that the Defendant had positive drug screens for amphetamines, cannabinoids, fentanyl, and opiates on November 30, 2022,  and for amphetamines, cannabinoids, and opiates on March 1, 2023.  He further testified that the Defendant admitted on March 30, 2023 that he was self-medicating and intended to use controlled substances without a valid prescription.

Officer Shannon-Kellerman also described the threats of physical harm communicated by the Defendant to Officer Shannon-Kellerman both verbally and through text message.  Finally, Officer Shannon-Kellerman testified regarding the Defendant's arrest on April 5, 2023, during which the Defendant immediately became argumentative with a uniformed police officer and engaged in a physical altercation with the officer.  Additional

4

officers were forced to respond, attempted to restrain the Defendant, and were only able to place him in handcuffs by threatening the use of a taser.

Upon review of Officer Shannon-Kellerman's testimony, and the entire record before the Court, the Court concludes that the Defendant has failed to show by clear and convincing evidence that he is not a danger to any other person or to the community at large. To the contrary, the Defendant has demonstrated that he is a danger to the community through his use of controlled substances, his interactions and altercation with uniformed law enforcement personnel, his repeated threats of violence to a United States Probation Officer, along with his expressed reluctance to discontinue possession of dangerous weapons despite his prior conviction.

Counsel for the Defendant argues that these incidents are a result of a lack of impulse control, and possibly the result of a traumatic brain injury. [See Doc. 39]. Regardless of the cause of the Defendant's behavior, however, the Defendant through his actions poses a danger to others, and he has failed to demonstrate by clear and convincing evidence that he will not pose a danger to any other person or the community.

Having conducted an independent review of the audio recording of the detention hearing and the Order of Detention, and having considered the

5

arguments of counsel, the Court concludes that the Magistrate Judge properly determined that detention of the Defendant is warranted. Accordingly, the Court will affirm the Defendant's detention pending resolution of his supervision release violation petition.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Revoke Detention Order [Doc. 39] is **DENIED**, and the Order of Detention [Doc. 37] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: May 11, 2023

Martin Reidinger
Chief United States District Judge

6